# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01278-COA

**JAMES CURTIS CLARK A/K/A JAMES CLARK**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/25/2016 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 08/08/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND GREENLEE, JJ.

### FAIR, J., FOR THE COURT:

¶1. James Clark was found guilty of second-degree murder and aggravated assault. On appeal, he contends that he received ineffective assistance of counsel and that the verdicts are against the overwhelming weight of the evidence. Finding no error, we affirm.

## FACTS

¶2. On May 11, 2014, two men entered Patrick Snow's apartment in Hattiesburg, Mississippi. Snow was shot in the upper body and taken to the hospital. Snow's friend, Matthew Campbell, was shot in the forehead and died shortly after.

¶3. At the hospital, Snow told the police that two black males forced themselves into his

apartment and tried to rob him. He described the intruders as possibly bald or having low haircuts. The following day, he identified the suspects by name to police.

¶4. Clark, along with Timothy Jordan and Jarvis Holder, were indicted together in a three-count indictment for conspiracy to commit murder, first-degree murder, and aggravated assault. Jordan and Holder pled guilty and testified against Clark in exchange for more lenient sentences.

¶5. At Clark's trial, there was conflicting evidence presented about the shooting. Snow identified Holder and Clark as the robbers. Snow also testified that Clark shot him and Campbell. Holder testified that he and Clark went to rob Snow, and that he fired a shotgun upon entering the apartment. He also said that Clark shot Snow and Campbell. Jordan's testimony differed from his past statements. He initially told police that he got in a physical altercation with Snow over drugs and that Holder did the shooting. Lavivian Wilson, Jordan's sister, initially gave the police the same statement as Jordan – that Holder shot Snow and Campbell. But, like Jordan, she changed her story. At trial, Lavivian testified that she heard about the shooting on Facebook and confronted her brother. A couple of days later, she went to Brookhaven on an errand, and Jordan and Clark rode with her. Unknown to Lavivian, they were moving the guns used in the shooting. Lavivian testified that Clark admitted to shooting both victims. But, ultimately, there was no physical evidence tying Clark, or anyone else, to either crime.

¶6. During the jury instruction conference, Clark's attorney requested a heat-of-passion

manslaughter jury instruction, which the court denied. The State submitted, and the court granted, a jury instruction for second-degree murder. The jury found Clark guilty of second-degree murder and aggravated assault. The circuit court denied Clark's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Clark appeals.

## DISCUSSION

### 1.    Ineffective Assistance of Counsel

¶7.    Clark was indicted for first-degree murder. The State also submitted a lesser-included-offense instruction on second-degree murder, which the trial court granted. Clark claims that his counsel was ineffective for failing to submit a culpable-negligence-manslaughter instruction. To support his claim, Clark refers to the jury's note during deliberations, asking if Clark "could be charged with an offense of lesser value" in relation to the murder charge.

¶8.    A reviewing court may address an ineffective-assistance-of-counsel claim on direct appeal only if the issues presented are "based on facts fully apparent from the record." *Archer v. State*, 986 So. 2d 951, 955 (¶16) (Miss. 2008) (citing M.R.A.P. 22(b)). The record before us is sufficient to decide Clark's claim.

¶9.    To prove his counsel was ineffective, Clark must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. A strong but rebuttable presumption exists that counsel's

performance was effective. *Gilley v. State*, 748 So. 2d 123, 129 (¶20) (Miss. 1999). First, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Quinn v. State*, 191 So. 3d 1227, 1234 (¶27) (Miss. 2016). Second, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gilley*, 748 So. 2d at 129 (¶20) (quoting *Strickland*, 466 U.S. at 694). "If either prong [of *Strickland*] is not met, the claim fails." *Havard v. State*, 928 So. 2d 771, 781 (¶8) (Miss. 2006).

¶10.    "A defendant is entitled to have jury instructions given which present his theory of the case. This entitlement is limited, however, in that the Court is allowed to refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." *Batiste v. State*, 121 So. 3d 808, 844 (¶69) (Miss. 2013) (quotation and citation omitted). Similarly, there must be an evidentiary basis to support a lesser-included-offense instruction. *Id.* (citing *Anderson v. State*, 79 So. 3d 501, 505 (¶17) (Miss. 2012)).

¶11.    With respect to the overall performance of the attorney, "trial counsel's decision regarding whether to request certain jury instructions is [traditionally] considered trial strategy." *Taylor v. State*, 109 So. 3d 589, 596 (¶27) (Miss. Ct. App. 2013). Here, there was no evidentiary basis for a culpable-negligence instruction. Clark's theory of defense was that he was not the shooter at all. Clark has also failed to show how he was prejudiced by his

4

attorney's actions. Even if the jury had been instructed on culpable negligence, Clark cannot show how the outcome of his trial would have been different. Accordingly, Clark's ineffective-assistance-of-counsel claim lacks merit because he fails to meet his burden as to either prong of *Strickland*.

### 2.      Overwhelming Weight of the Evidence

¶12.    Clark next argues that the verdicts are against the overwhelming weight of the evidence. A challenge to the weight of the evidence will be successful only when the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005). "[T]he evidence must be viewed in the light most favorable to the verdict[.]" *Jenkins v. State*, 131 So. 3d 544, 551 (¶23) (Miss. 2013).

¶13.    A new trial based on the weight of the evidence should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (citation omitted). And because the trial judge had a firsthand view of the trial, "reversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Waits v. State*, 119 So. 3d 1024, 1028 (¶13) (Miss. 2013).

¶14.    Snow testified that Holder and Clark forced themselves into his apartment. He said that Clark demanded money, so he threw $600 on the floor. Clark said, "F*** that," and shot him. According to Snow, Clark also told Campbell to empty his pockets, and Campbell said he did not have any money. Clark said "F*** that" again and shot Campbell. Snow's

5

testimony at trial was consistent with his prior statements.

¶15. Jordan testified that Holder and Clark planned to rob Snow. He also testified that he remained in the vehicle during the attempted robbery. Jordan said he heard gunshots, and then Clark returned to the vehicle and said, "I just shot one in the head and shot another in the chest." Holder confirmed Jordan's testimony. Lavivian testified that Clark admitted he had "f***ed up" and "shot the boy in the head."

¶16. Clark claims that a majority of evidence presented at trial is questionable, since it came from co-indictees and witnesses who took plea deals. "[T]his Court has consistently held that the credibility of witness testimony is the province of the jury." *Barnes v. State*, 99 So. 3d 785, 789 (¶9) (Miss. Ct. App. 2012) (quotation omitted). There was ample evidence presented to the jury to show Clark was guilty of murder and aggravated assault. The jury was well aware of the deals given to Jordan, Holder, and Lavivian, and it was up to the jury to decide how much weight to give their testimony. Thus, we cannot find the verdicts were against the overwhelming weight of the evidence.

¶17. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**