# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-IA-01030-SCT

*JOHNATHAN NICKSON a/k/a JONATHAN NICKSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | ESEOSA GWENDLINE AGHO |
| | SUE MILLER PERRY |
| | JENNIFER POWELL MALIK |
| | SANFORD E. KNOTT |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WILLIAM S. KELLUM |
| ATTORNEYS FOR APPELLEE: | SUE MILLER PERRY |
| | PATRICK JOSEPH McNAMARA, JR. |
| NATURE OF THE CASE: | CIVIL - CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMANDED - 03/26/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.    Johnathan Nickson was charged with two counts of first-degree murder and one count of possession of a firearm as a convicted felon.  The jury acquitted him on the two counts of first-degree murder but deadlocked as to second-degree murder and the felon-in-possession charge.  The trial court declared a mistrial.

¶2.    Because the jury's verdict acquitted Nickson of first-degree murder, the trial court

erred by declaring a mistrial on those charges. As a result, the trial court's order declaring a mistrial as to the two counts of first-degree murder is reversed, and a judgment of acquittal is rendered on those charges. The trial court's order is affirmed as to the remaining offense of second-degree murder and the charge of possession of a firearm as a convicted felon because no final resolution was reached by the jury.

## FACTS AND PROCEDURAL HISTORY

¶3. Nickson was indicted for first-degree murder of Nedra Johnson, Count 1, first-degree murder of Bradley Adams, Count 2, and possession of a firearm as a convicted felon, Count 3. At trial, the jury was instructed on first-degree murder and second-degree murder for Counts 1 and 2 and possession of a firearm as a convicted felon for Count 3. Additionally, the form of the verdict instructed the jury as follows:

> If you find the Defendant, Johnathan Nickson, guilty of First Degree Murder in the death of Nedra Johnson in Count One, the form of your verdict shall be:
>
> "We, the Jury, find the Defendant guilty of First Degree Murder in Count One."
>
> If you find the Defendant not guilty of First Degree Murder in Count One, the form of your verdict shall be:
>
> "We, the Jury, find the Defendant not guilty of First Degree Murder in Count One."
>
> And, ONLY in the event you, the Jury, find the Defendant not guilty of First Degree Murder, you shall continue your deliberations to determine if Johnathan Nickson is guilty of Second Degree Murder.
>
> If you find the Defendant, Johnathan Nickson, guilty of Second Degree Murder in the death of Nedra Johnson in Count One, the form of your verdict shall be:

2

"We, the Jury, find the Defendant guilty of Second Degree Murder in Count One."

If you find the Defendant not guilty of Second Degree Murder in Count One, the form of your verdict shall be:

"We, the Jury, find the Defendant not guilty of Second Degree Murder in Count One."

If you find the Defendant, Johnathan Nickson, guilty of First Degree Murder in the death of Bradley Adams, in Count Two, the form of your verdict shall be:

"We, the Jury, find the Defendant guilty of First Degree Murder in Count Two."

If you find the Defendant not guilty of First Degree Murder in Count Two, the form of your verdict shall be:

"We, the Jury, find the Defendant not guilty of First Degree Murder in Count Two."

And, ONLY in the event you, the Jury, find the Defendant not guilty of First Degree Murder, you shall continue your deliberations to determine if Johnathan Nickson is guilty of Second Degree Murder in Count Two.

If you find the Defendant, Johnathan Nickson, guilty of Second Degree Murder in the death of Bradley Adams in Count Two, the form of your verdict shall be:

"We, the Jury, find the Defendant guilty of Second Degree Murder in Count Two."

If you find the Defendant not guilty of Second Degree Murder in Count Two, the form of your verdict shall be:

"We, the Jury, find the Defendant not guilty of Second Degree Murder in Count Two."

If you find the Defendant, Johnathan Nickson, guilty of being a convicted felon in possession of a firearm in Count Three, the form of your verdict shall be:

"We, the Jury, find the Defendant guilty of being a convicted felon in possession of a firearm in Count Three."

If you find the defendant not guilty of being a convicted felon in possession of a firearm in Count Three, the form of your verdict shall be:

"We, the Jury, find the Defendant not guilty of being a convicted felon in possession of a firearm in Count Three."

You shall write your verdict(s) on a separate piece of paper to be supplied to you. It need not be signed by any member of the Jury. Please do not write on the Court's Instructions.

¶4. During its deliberations, the jury sent a note that stated, "We are deadlocked." The trial court brought the jury into the courtroom and asked the foreperson if the jury had reached a verdict on any of the three counts. The foreperson responded in the affirmative. The trial court then instructed the jury to "go out and return the verdict on whatever counts you've decided on and then come back."

¶5. Once the jury returned to the courtroom, it announced that it had reached a verdict on two counts. The trial court read the verdict as follows:

Here's the partial verdict of the jury on Count 1 and 2:

We, the jury, find the defendant not guilty of first degree murder in Count 1.
We, the jury, find the defendant not guilty of first degree murder in Count 2.

The trial court then polled the jury and confirmed that the jury's verdict was unanimous.[1] The jury was instructed to return to the jury room.

¶6. Once the jury had exited the courtroom, Nickson's counsel asked the trial court "to

---

[1] It was initially unclear in the record whether the jury's verdict was in fact unanimous. The court reporter acknowledged a transcription error. A corrected transcript was submitted and filed with the Court. All parties agree that the jury's verdict regarding first-degree murder was unanimous.

4

declare the rest of the trial a mistrial given [that] they [are] hopelessly deadlocked." The trial court denied defense counsel's motion stating that it was "still early." The trial court brought the jury back into the courtroom and issued a **Sharplin**[2] instruction, instructing the jury to "continue [its] deliberations." One hour later, the jury sent a note advising that it was "hopelessly deadlocked." The State moved for a mistrial and defense counsel concurred with the State's motion. The following conversation then occurred:

> Court:          All right. What I'm going to do is I'm going to bring them in. You know, they worked hard and I will prepare an order reflecting that since the jury returned an incomplete verdict on Counts 1 and 2 and no verdict on Count 3. I'm declaring a mistrial on all three counts and I will tell them that. I'll also set [the retrial] for April the 30th.

> Defense Counsel:    I'm sorry, Judge. I misunderstood you. They returned a unanimous verdict on Counts 1, 2 and 3 – were not guilty first degree.

> Court:          Yeah.

> Defense Counsel:    Okay.

> Court:          And that was an incomplete verdict and my order will so reflect. I'll entertain any written motion if you disagree with my ruling.

After the jury returned to the courtroom, the trial court declared a mistrial and discharged the jury. An order declaring mistrial was later entered.

¶7.      Nickson filed a "motion to set aside order of mistrial as to first-degree murder and enter judgment of acquittal." The trial court denied the motion. Nickson timely petitioned

---

[2] **Sharplin v. State**, 330 So. 2d 591, 596 (Miss. 1976).

for an interlocutory appeal. This Court granted the petition.

¶8. On appeal, Nickson argues (1) the jury's verdict was complete as to all counts of the indictment, (2) he cannot be retried for first-degree murder because he was acquitted of that offense, and (3) he cannot be retried for the lesser offense of second-degree murder.

## STANDARD OF REVIEW

¶9. "Our standard of review regarding the decision to grant or deny a motion for a mistrial is abuse of discretion." *United Servs. Auto. Ass'n v. Lisanby*, 47 So. 3d 1172, 1184 (Miss. 2010) (citing *Coho Res., Inc. v. McCarthy*, 829 So. 2d 1, 18 (Miss. 2002)).

## ANALYSIS

*I.      Whether the jury verdict was complete.*

¶10. In its order declaring a mistrial, the trial court found that the jury "did not reach a complete and unanimous verdict on any count, having returned an incomplete verdict on counts 1 and 2 and no verdict on count 3." Nickson argues that "[b]ecause the jury verdict was unanimous as to . . . first-degree murder, it was error for the [trial court] to find that the verdict was incomplete." This Court agrees.

¶11. Mississippi Rule of Criminal Procedure 24.4(b) states, "[i]f the jury cannot agree on all counts as to any defendant, the jury shall return a verdict on those counts on which it has agreed." Thus, Rule 24.4(b) allows a jury to return partial verdicts as to multiple counts. *See* MRCrP 24.4 cmt.

¶12. Counts 1 and 2 of the indictment charged Nickson with the first-degree murder of Nedra and Adams. The trial court instructed the jury on the charged offense of first-degree

6

murder and further instructed the jury on second-degree murder. Thus, the jury instructions regarding Counts 1 and 2 included two murder offenses, first-degree murder and second-degree murder. Additionally, the form of the verdict for both Counts 1 and 2 allowed the jury to find Nickson guilty or not guilty of first-degree murder and, in the event the jury found him not guilty, then guilty or not guilty of second-degree murder. As a result, the instructions allowed the jury to agree on one offense but not the other.

¶13.    The record shows that the jury unanimously agreed against guilt on the charged offense of first-degree murder but that the jury was unable to agree on second-degree murder or possession of a weapon as a convicted felon. The jury's verdict was in writing and in proper form in accordance with the jury instructions. *See* MRCrP 24.1, MRCrP 24.3. As a result, under Rule 24.4(b), the jury returned a partial verdict against guilt on first-degree murder in Counts 1 and 2. Accordingly, the jury's verdict was complete as to the charged offense of first-degree murder in Counts 1 and 2.

    *II.    Whether Nickson can be retried for first-degree murder.*

¶14.    Nickson next argues he cannot be retried for first-degree murder because the jury acquitted him of that offense. He claims that because the jury returned a unanimous verdict as to first-degree murder, "a retrial on first-degree murder would violate the double jeopardy clause." This Court agrees.

¶15.    The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. The clause

7

guarantees that the State shall not be permitted to make repeated attempts to convict the accused, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977) (quoting *Green v. United States*, 355 U.S. 184, 187-88, 78 S. Ct. 221, 223, 2 L. Ed. 2d 199 (1957)). Additionally, the Double Jeopardy Clause of the Mississippi Constitution provides, "[n]o person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." Miss. Const. art. 3, § 22.

¶16. In response to Nickson's argument, the State relies on *Blueford v. Arkansas*, 566 U.S. 599, 132 S. Ct. 2044, 182 L. Ed. 2d 937 (2012). In *Blueford*, the defendant was charged with capital murder. *Id.* at 602. The trial court instructed the jury on the charged offense of capital murder and the lesser-included offenses of first-degree murder, manslaughter, and negligent homicide. *Id.* at 602. During deliberations, the jury indicated that it "[could not] agree on a charge at all." *Id.* at 603 (internal quotation mark omitted). The trial court issued an instruction that emphasized the importance of reaching a verdict. *Id.* The jury continued its deliberations. *Id.* Later, the jury advised that it was still unable to agree on any one charge. *Id.* When the trial court summoned the jury, the foreperson reported that the jury was deadlocked. *Id.* The trial court asked the foreperson to disclose the jury's votes on each offense. *Id.* The foreperson responded that the jury was unanimous against guilt on both capital murder and first-degree murder but that it had deadlocked on manslaughter and had

8

not voted on negligent homicide. *Id.* at 603-04. The trial court issued another instruction emphasizing the importance of reaching a verdict, and the jury continued its deliberations. *Id.* at 604. Shortly thereafter, the jury again advised that it remained deadlocked. *Id.* The trial court declared a mistrial and discharged the jury. *Id.* The defendant was later retried on all charges. *Id.*

¶17.    The Supreme Court held that the foreperson's report was not a final verdict of acquittal because it lacked the "finality necessary to constitute an acquittal on the murder offenses." *Id.* at 606. The Court explained,

> The foreperson's report was not a final resolution of anything. When the foreperson told the court how the jury had voted on each offense, the jury's deliberations had not yet concluded. The jurors in fact went back to the jury room to deliberate further, even after the foreperson had delivered her report. When they emerged a half hour later, the foreperson stated only that they were unable to reach a verdict. She gave no indication whether it was still the case that all 12 jurors believed Blueford was not guilty of capital or first-degree murder . . . .

*Id.*

¶18.    The Court concluded that because the foreperson's report was not a final resolution of the defendant's guilt, the Double Jeopardy Clause did not prohibit a second trial on the same offenses. *Id.* at 610.

¶19.    This Court finds ***Blueford*** distinguishable. Importantly, in ***Blueford***, the jury instructions included "separate forms to convict on each of the possible defenses, but there was only one form to acquit, and it was to acquit on all of them." *Id.* at 610. Thus, "the jury's options . . . were limited to two: either convict on one of the offenses, or acquit on all." *Id.* The Court found that "[w]hen the foreperson disclosed the jury's votes . . . , the trial

9

court did not abuse its discretion by refusing to add another option—that of acquitting on some offenses but not others." *Id.* Here, the jury's options were not as restricted. Indeed, the jury instructions allowed the jury to return a partial verdict and to acquit on some offenses but not others.

¶20.  Moreover, unlike in *Blueford*, the jury was able to unanimously agree on the charged offense of first-degree murder. The foreperson did not simply disclose the jury's votes on each offense. Instead, the foreperson announced that the jury had reached a verdict on two counts and had delivered a verdict in writing and in proper form. The jury was then polled and the trial court determined that the jury's verdict was unanimous. In fact, the trial court referred to the jury's verdict as a "partial verdict of the jury on Count 1 and 2."

¶21.  After the jury's verdict was announced, defense counsel moved for a mistrial on the remaining offenses, which indicates counsel's understanding that the verdict was a final verdict against guilt on first-degree murder. The trial court denied defense counsel's motion stating it was "still early." Although a *Sharplin* instruction was given, it was given after the jury had reached a unanimous verdict on first-degree murder. In other words, although the jury continued its deliberations, it did so only after it had reached and delivered its verdict against guilt on first-degree murder. Thus, as the record reflects, the jury's announcement that it was "hopelessly deadlocked" was in reference to the remaining undecided offenses of second-degree murder and possession of a firearm as a convicted felon.

¶22.  Here, unlike in *Blueford*, a final resolution against guilt on first-degree murder was reached. The jury's verdict contained the finality necessary to constitute an acquittal on first-

10

degree murder. As a result, this Court agrees that a retrial for first-degree murder would violate Nickson's constitutional right against double jeopardy.

    *III.*     *Whether Nickson can be retried for second-degree murder.*

¶23. Nickson agrees that "a retrial on second-degree murder can . . . occur if second-degree murder is a lesser-included offense of first-degree murder." Nickson asserts, however, that while second-degree murder is a lesser offense than first-degree murder, it is not a lesser-included offense. He therefore argues that the jury's "verdict . . . as to [the] first-degree murder charge also precludes or bars [him] from being retried on the lesser offense of second-degree murder." This Court disagrees.

¶24. This Court, as well as the Court of Appeals, has found that second-degree murder is a lesser-included offense of first-degree murder. *Montgomery v. State*, 253 So. 3d 305, 307 (Miss. 2018); *Potts v. State*, 233 So. 3d 782, 789 (Miss. 2017); *Clark v. State*, 237 So. 3d 844, 846 (Miss. Ct. App. 2017). Accordingly, Nickson's argument fails. Nickson can be retried on the lesser-included offense of second-degree murder.

## CONCLUSION

¶25. Because the jury was unable to agree on the lesser-included offense of second-degree murder and the offense of possession of a firearm as a convicted felon, the trial court properly declared a mistrial on those offenses, and that portion of the trial court's order is affirmed. Consequently, the Double Jeopardy Clause does not prohibit a second trial on those offenses. But because the jury's verdict contained the finality necessary to constitute an acquittal on the two counts of first-degree murder, the trial court abused its discretion by

declaring a mistrial on those charges. Accordingly, we reverse the trial court's order declaring a mistrial as to the two counts of first-degree murder and render a judgment of acquittal on those charges. Nickson cannot be retried for the first-degree murder of Nedra Johnson or Bradley Adams.

¶26. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**